IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

SAMUEL WARE,                    )
                                )
          Plaintiff,             )
                                )
     v.                          )    No.  10 C 4821
                                )
CITY OF CHICAGO,                 )
                                )
          Defendant.             )

                       MEMORANDUM ORDER

     On July 30, 2010 Samuel Ware ("Ware") submitted a pro se
Complaint of Employment Discrimination against the City of
Chicago ("City"), utilizing the printed form provided by this
District Court's Clerk's Office for use by unrepresented
litigants.  Ware supplemented that filing with a copy of EEOC's
right-to-sue letter, as called for by Complaint ¶8(b), and with
an In Forma Pauperis Application ("Application"), again using a
Clerk's-Office-supplied form of that document.

     Because the Complaint was unaccompanied by a copy of Ware's
administrative Charge of Discrimination ("Charge"), even though
Ware had stated otherwise in Complaint ¶7.1(b), this Court had
its minute clerk communicate with Ware to have him submit a copy
of the Charge.  But when Ware did so, he also delivered some
other documentation that raises an obvious question as to the
propriety of his proceeding in this action.

     It turns out that Ware had preceded his filing of the
Complaint in this case by a filing on the very same day (July 30,

2010) of a similar Complaint in Case No. 10 C 4820, which was assigned at random to this Court's colleague Honorable Elaine Bucklo. Although that Complaint names the Chicago Police Department as defendant, that Department is of course not a suable legal entity--instead the proper party would be the same City that has been sued in this case. And the Charge in each case states:

> I began working for respondent on November 16, 1998.

In Case No. 10 C 4820, the Charge refers to Ware's performance as "senior help desk technician" (with the November 1998 commencement-of-employment date), and Ware says he was laid off in December 2008 for the stated reason that the position was being eliminated because of budget cuts. In this Case No. 10 C 4821, the Charge (which it will be remembered also reflects that he began working on November 16, 1998) was framed in terms of Ware's work as Administrative Assistant III with City's Office of Emergency Management and Communications, with the claimed discrimination having taken place "Since January 2009 and continuing until the present (as recently as May 2009)."[1]

No legitimate reason appears for the filing of two separate lawsuits. It seems likely that Ware's identification to the

---

[1] Both that Charge and the one sued on in 10 C 4820 had been filed with the Illinois Department of Human Rights ("Department"), which resulted in a contemporaneous filing with EEOC, on June 16, 2009.

Department personnel of the "City of Chicago-Police Department" as his one-time employer and of the "City of Chicago-Office of Emergency Management and Communications" as his employer immediately thereafter led the administrative people, unaware that the proper respondent in both situations was simply City--to prepare two Charges of Discrimination, which eventuated in two right-to-sue letters and then to Ware's filing of two different lawsuits. But that explanation by Ware was needless--with both right-to-sue letters in hand on July 30, Fed. R. Civ. P. 18(a) expressly permitted him to join all his claims against City in a single complaint.

Under the circumstances this Court denies the Application in this action, whether or not Ware qualifies financially for in forma pauperis status. If this action were allowed to proceed, the involvement of the same plaintiff (Ware) and the same defendant (City) in both actions would call for reassignment of this action to Judge Bucklo on relatedness grounds pursuant to this District Court's LR 40.4. Judge Bucklo has graciously consented to the reassignment of this action to her calendar under that LR, and Ware is thus spared the complication that would be engendered by dismissal of this action, followed by his seeking to file an amendment in Case No. 10 C 4820.

```
                           _____
                           Milton I. Shadur
                           Senior United States District Judge
```
Date: August 9, 2010